SUMMONS IN A CIVIL ACTION OF COMMON PLEAS COURT JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV19921269 | D1 FX | 39751848 |

Rule 4 (B) Ohio

Rules of Civil Procedure

HEIDI M. BALDWIN EXT OF ES OF DOROTHY R. GROSSHOLZ **PLAINTIFF**
VS
BOEING COMPANY ET AL. **DEFENDANT**

## SUMMONS

BOEING COMPANY AND ITS DEFENSE AND
SECURITY BUSINESS UNIT
100 NORTH RIVERSIDE
CHICAGO IL 60606-0000

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plantiff's Attorney

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

BRIAN P KELLEY
950 MAIN AVENUE

SUITE 1300
CLEVELAND, OH 44113-0000

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOHN J. RUSSO ASBESTOS
**Do not contact judge. Judge's name is given for attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT | |
|---|---|
| Sep 12, 2019 | By_____ |

Deputy

COMPLAINT FILED   09/10/2019



# SUMMONS IN A CIVIL ACTION—COURT OF COMMON PLEAS, CUYAHOGA JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO.<br>CV19921269 | D2 FX | SUMMONS NO.<br>39751849 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil
Procedure

| HEIDI M. BALDWIN EXT OF ES OF DOROTHY R. GROSSHOLZ | **PLAINTIFF** |
|---|---|
| VS | |
| BOEING COMPANY ET AL. | **DEFENDANT** |

## SUMMONS

BOEING COMPANY
SUCCESSOR IN INTEREST AND OR
LIABILITY TO THE DOUGLAS AIRCRAFT
COMPANY
100 NORTH RIVERSIDE
CHICAGO IL 60606-0000

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



**Plaintiff's Attorney**

BRIAN P KELLEY
950 MAIN AVENUE

SUITE 1300
CLEVELAND, OH 44113-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOHN J. RUSSO ASBESTOS
**Do not contact judge. Judge's name is given for attorney's reference only.**

NAILAH K. BYRD
Clerk of the Court of Common Pleas





| DATE SENT<br>Sep 12, 2019 | By_____ |
|---|---|
| | Deputy |

COMPLAINT FILED  09/10/2019

CMSN130

Case: 1:19-cv-02400-SO Doc #: 1-1 Filed: 10/15/19 3 of 22. PageID #: 13

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV19921269 | D3 FX | 39751850 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

HEIDI M. BALDWIN EXT OF ES OF DOROTHY R. GROSSHOLZ — **PLAINTIFF**

VS

BOEING COMPANY ET AL. — **DEFENDANT**

## SUMMONS

BOEING COMPANY
AND ITS BOEING INTEGRATED DEFENSE
SYSTEMS DIV. ETC.
100 NORTH RIVERSIDE
CHICAGO IL 60606-0000

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plantiff's Attorney**

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

BRIAN P KELLEY
950 MAIN AVENUE

SUITE 1300
CLEVELAND, OH 44113-0000

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOHN J. RUSSO ASBESTOS
**Do not contact judge. Judge's name is given for attorney's reference only.**

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas





| DATE SENT | |
|---|---|
| Sep 12, 2019 | By_____ |
| | Deputy |

COMPLAINT FILED   09/10/2019



CMSN130



## File & ServeXpress Registration Information

**If this is your firm's first use of File & ServeXpress**, you will need to create an account. Your firm must designate an organization administrator who will create the account and add users. The administrator will follow the "Instructions for New Subscribers" in Section A below.

**If your firm has a File & ServeXpress account**, contact your firm's organization administrator to obtain a user name & password for yourself and anyone else who will need to serve or access documents in the case(s). The administrator will follow the "Instructions for Existing Subscribers" in Section B below.

To find out if your firm currently has a registered File & ServeXpress account, or to find out the name of your administrator, please call Client Support at 1.888.529.7587.

### Section A: Instructions for New Subscribers
**(Administrator sets up account and registers users)**

1. Visit https://os.fileandservexpress.com/web/ui/welcomepage.aspx to begin the registration process.
2. Add organization information.
3. Add user information for your firm's administrator (primary contact).
4. Add user information for every attorney and staff member in your firm who will need a user ID and password. Include full name, phone, fax, email and bar number (for attorneys). **All attorneys of record must have a user ID and password.**
5. Review system requirements.
6. Review and accept the "Terms of Service Agreement".

### Section B: Instructions for Existing Subscribers
**(Administrator registers new users)**

1. Sign on to https://secure.fileandservexpress.com/Login/Login.aspx
2. Click "File & Serve*Xpress* Preferences" in the upper-right hand corner of the screen.
3. Click the Add User link in the left-hand column under *My Organization Profile*.
4. Enter user information for every attorney and staff member who will need a user ID and password. Include the individual's full name, phone, fax, email and bar number (for attorneys). **All attorneys of record must have a user ID and password.**

©2015 File & ServeXpress

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

HEIDI M. BALDWIN, Executrix of the )
Estate of Dorothy R. Grossholz, Deceased )
184 W. Reindeer Drive )
Powell,  OH  43065 )
 )
          Plaintiff, )
 )
   -vs- )
 )
 )
THE BOEING COMPANY, and its )
Defense, Space and Security Business Unit )
100 North Riverside )
Chicago, IL  60606 )
 )
THE BOEING COMPANY, Successor-in-Interest )
and/or Liability to The Douglas Aircraft )
Company )
100 North Riverside )
Chicago,  IL  60606 )
 )
THE BOEING COMPANY and its Boeing )
Integrated Defense Systems Division as )
Successor-in-Interest to Rockwell International )
Corporation's Defense and Aerospace Division )
and North American Aviation )
100 North Riverside )
Chicago,  IL  60606 )
 )
ROCKWELL AUTOMATION, As )
Successor-in-Interest Rockwell International )
Corporation's Defense and Aerospace Division )
and North American Aviation )
c/o C.T. Corporation System )
4400 Easton Commons Way, Ste. 125 )
Columbus,  OH  43219 )
 )
NORTHROP GRUMMAN CORPORATION )
2980 Fairview Park Drive )
Falls Church,  VA  22042 )
 )

CASE NO:

JUDGE:  HARRY A. HANNA


COMPLAINT
(Jury Trial Demanded)

JURY TRIAL DEMANDED

UNITED TECHNOLOGIES CORPORATION       )
Pratt & Whitney Division              )
400 Main Street                       )
East Hartford,  CT  06118             )
                                      )
CURTIS-WRIGHT CORPORATION             )
130 Harbour Place Drive, Suite 300    )
Davidson,  NC  28036                  )
                                      )
THE GOODYEAR TIRE & RUBBER            )
    COMPANY                           )
c/o Corporation Service Company       )
50 West Broad Street, Suite 1330      )
Columbus,  OH  43215                  )
                                      )
LOCKHEED MARTIN CORPORATION           )
c/o Corporation Service Company       )
50 West Broad Street, Suite 1330      )
Columbus,  OH  43215                  )
                                      )
WESTINGHOUSE ELECTRIC                 )
    CORPORATION   a/k/a Viacom        )
c/o Corporation Service Company       )
50 West Broad Street, Suite 1330      )
Columbus,  OH  43215                  )
                                      )
BMW OF NORTH AMERICA, LLC             )
300 Chestnut Ridge Road               )
Woodcliff Lake,  NJ  07677            )
                                      )
PEUGEOT, S.A.                         )
75, avenue de la Grande-Armee         )
75116 Paris-France                    )
                                      )
FCA US LLC and its Alfa Romeo Division )
c/o C.T. Corporation System           )
4400 Easton Commons Way, Ste. 125     )
Columbus,  OH  43219                  )
                                      )
VOLKSWAGAEN GROUP OF AMERICA, INC. )
2200 Ferdinand Porsche Drive          )
Herndon,  VA  20171                   )
                                      )

2

EATON CORPORATION, Individually and                )
As Successor in Interest and/or liability          )
to Cutler-Hammer Inc.,                             )
n/k/a  Eaton Electrical, Inc.                       )
c/o C.T. Corporation System                        )
4400 Easton Commons Way, Suite 125                 )
Columbus,  OH  43219                               )
                                                   )
SQUARE D COMPANY                                   )
c/o Corporation Service Company                    )
50 West Broad Street, Suite 1330                   )
Columbus,  OH  43215                               )
                                                   )
GENERAL ELECTRIC CORPORATION                       )
A Foreign Corporation                              )
c/o C.T. Corporation System                        )
4400 Easton Commons Way, Suite 125                 )
Columbus,  OH       43219                          )
                                                   )
HONEYWELL INTERNATIONAL, INC.                      )
f/k/a Allied Corporation, Successor to             )
Allied Signal, Inc. and Bendix Corporation         )
c/o Corporation Service Company                    )
50 West Broad Street, Suite 1330                   )
Columbus,  OH  43215                               )
                                                   )
PNEUMO ABEX CORPORATION                            )
successor in interest to Abex Corporation          )
and American Brake and Block Company               )
c/o Prentice Hall Corporation System, Inc.         )
50 West Broad Street, Suite 1330                   )
Columbus, OH  43215                                )
                                                   )
FORD MOTOR COMPANY, and its Motorcraft             )
Division                                           )
c/o C.T. Corporation System, R.A.                  )
4400 Easton Commons Way, Suite 125                 )
Columbus,  OH  43219                               )
                                                   )
REXNORD CORPORATION                                )
STEARNS DIVISION                                   )
Successor to Stearns Brakes                        )
4701 W. Greenfield Ave.                            )
Milwaukee,  WI  53214                              )

3

GENUINE PARTS COMPANY )
c/o CT Corporation System )
4400 Easton Commons Way, Suite 125 )
Columbus, OH   43219 )
)
ARVINMERITOR, INC. )
c/o C.T. Corporation System )
4400 Easton Commons Way, Suite 125 )
Columbus,  OH  43219 )
)
ROCKWELL AUTOMATION, INC., )
Successor-in-Interest to Allen-Bradley Co. )
c/o CT Corporation System )
4400 Easton Commons Way, Suite 125 )
Columbus, OH   43219 )
)
ERICSSON, INC., Successor in interest )
to the Continental Wire & Cable Company )
and Anaconda Wire & Cable Company )
c/o Capital Corporate Services, Inc. )
4568 Mayfield Road, Suite 204 )
Cleveland,  OH  44121 )
)
and )
)
JOHN DOES 1-100 )
Manufacturers, Sellers or )
Installers of Asbestos-Containing )
Products )
)
                   Defendants. )

1.      Plaintiff and/or Plaintiff's Decedent, hereinafter referred to as "Plaintiffs," are or were

formerly residents of the State of Ohio.  Plaintiff's Decedent worked in the State of Ohio.

2.      Defendants are entities organized and existing under the laws of the State of Ohio, or

of some other state of the United State of America, or of some foreign jurisdiction, and that said

Defendants are conducting and have regularly conducted business in the State of Ohio. Each

4

Defendant manufactured, supplied, distributed and/or used asbestos in the State of Ohio, or other state in such a manner that caused injury and damages to Plaintiffs.

3.      The real names and addresses of Defendants John Does 1-100 manufacturers, sellers or installers of asbestos-containing products have not been determined, despite reasonable efforts of the Plaintiffs to do so.

4.      Defendants, all times relevant and pertinent hereto, were engaged in the business of mining, milling, manufacturing, marketing, fabricating, designing, formulating, producing, creating, making, constructing, assembling and/or rebuilding asbestos-containing products or components thereof; and/or selling, distributing, preparing, blending, packaging, labeling and/or otherwise participated in placing asbestos-containing products in the stream of commerce to which Plaintiffs' Decedent was exposed during his employment.

5.      Defendants, acting through their servants, employees, agents and representatives, caused asbestos and asbestos-containing materials to be placed in the stream of interstate commerce.

6.      During the course of Plaintiffs' Decedent's lifetime, she was exposed to the Defendants' asbestos and asbestos-containing materials, by virtue of working with or around asbestos and asbestos-containing materials, and by virtue of household exposure due to her father's employment as a tool and die maker who worked in Ohio.   Said exposures were substantial factors which directly and proximately caused her to develop mesothelioma and ultimately caused her death.

7.      As a direct and proximate result of the Defendants' conduct, Plaintiffs' Decedent incurred medical, hospital, professional, and other expenses, and was prevented from attending to his usual activities.

8.      As a direct and proximate result of the Defendants' conduct, Plaintiffs' Decedent further sustained permanent and substantial physical deformity, loss of use of a limb, or loss of a bodily organ system and/or permanent physical functional injury that permanently prevented the injured person from being able to independently care for self and perform life-sustaining activities.

9.      As a direct and proximate result of the Defendants' conduct, Plaintiffs' Decedent sustained permanent and fatal injuries to her person and body, lungs, respiratory and cardiovascular system; suffered great physical, mental, and nervous pain and suffering, mental anguish; suffered from reasonable and justifiable fears of progressive and irreversible incapacity and inability to carry on her usual functions; increasing discomfort; cancer; shortened life-span; impairment to his quality of life; disfigurement; death; and any other intangible loss.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE)

10.     Plaintiffs re-allege and incorporate each and every paragraph set forth above, as though fully set forth herein.

11.     Defendants had a duty to remain reasonably current with scientific knowledge, development, research and discoveries concerning their products.  The manufacturer must communicate its superior knowledge to those who, because of their own limited knowledge and information, would otherwise be unable to protect themselves.

12.     Defendants, individually and as a group since the early 1900's have been in possession of medical and scientific data which clearly indicates that their asbestos fibers and asbestos-containing products are hazardous to health; and prompted by pecuniary motives, the Defendants, individually and collectively, ignored and intentionally failed to act upon said medical

6

and scientific data and conspired to deprive the public, and particularly the users, including Plaintiffs' Decedent, of said medical and scientific data, and therefore deprived Plaintiffs' Decedent of the opportunity of free choice as to whether or not to expose herself to the asbestos and asbestos-containing products of said defendants; and further, willfully, intentionally and wantonly failed to warn Plaintiffs' Decedent of the serious bodily harm and death which would result from the inhalation of the asbestos fibers and the dust from their asbestos-containing products.

13.     The illness, disability, and death of the Plaintiffs' Decedent is the direct and proximate result of the negligence of the defendants in that they produced, sold or otherwise put into the stream of interstate commerce, asbestos and asbestos-containing materials, which the defendants knew or in the exercise of ordinary care, ought to have known were deleterious, poisonous, and highly harmful to Plaintiffs' Decedent's health.

14.     The illness, disability, and death of Plaintiffs' Decedent is permanent and is the direct and proximate result of the negligence of the Defendants in that even though the Defendants knew or in the exercise of ordinary care, should have known that their asbestos and asbestos-containing materials were deleterious, poisonous and highly harmful to Plaintiffs' Decedent's health, and that she would not know of such dangers to his health, the Defendants nonetheless:

      (a)     Failed to advise Plaintiffs' Decedent of the dangerous characteristics of their asbestos and asbestos-containing products;

      (b)     Failed or omitted to provide Plaintiffs' Decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any to protect

7

them from being poisoned and disabled as they were, by exposure to such

deleterious and harmful asbestos and asbestos-containing materials;

(c)     Failed and omitted to place any warnings and instructions on their containers

of said asbestos and asbestos-containing materials to warn the handlers

thereof of the dangers to health in coming into contact with said asbestos and

asbestos-containing materials;

(d)     Failed and omitted to take reasonable precautions or exercise reasonable care

to publish, adopt and enforce a safety plan and a safe method of handling and

installing said asbestos and asbestos-containing materials.

15.     As a direct and proximate result of the Defendants' negligence, Plaintiffs' Decedent

has been permanently and fatally injured and Plaintiffs have incurred damages.

## SECOND CAUSE OF ACTION
## (STRICT LIABILITY)

16.     Plaintiffs re-allege and incorporate each and every paragraph set forth above, as

though fully set forth herein.

17.     Plaintiffs state there was, in fact, a defect in the asbestos-containing products

manufactured, sold, distributed, marketed, supplied, advertised, designed, developed, labeled,

researched, and/or installed by the Defendants.

18.     Plaintiffs state that the aforementioned defect(s) was dangerous to the health and well

being of the Plaintiffs' Decedent and others exposed to such products and that such defect existed at

the time the products left the Defendants' hands.

8

19.    Plaintiffs state that the aforementioned defect(s) was dangerous to the health and well being of Plaintiffs' Decedent and others exposed to such products and that such defect was the direct and proximate cause of Plaintiff's injuries and/or losses and/or death as described above.

20.    Defendants researched, tested, manufactured, designed, developed, distributed, labeled, advertised, marketed, inspected, repaired, modified, used, serviced, installed, and/or sold to the public, Plaintiffs' Decedent's employers, and/or to others working in the vicinity of Plaintiffs' Decedent, asbestos and asbestos-containing products, and Defendants knew that these products would be used and handled by Plaintiffs' Decedent and others similarly situated without any knowledge of their defects and inherent danger, and without any inspection for defects and dangers.

21.    Plaintiffs' Decedent, in the course and scope of her employment and/or otherwise, used, handled, and was otherwise exposed to asbestos and asbestos-containing products, sold or otherwise supplied by Defendants, without receiving any warnings or instructions from Defendants of the defects and inherent dangers of the products.

22.    The products which were sold and/or supplied by Defendants, and to which Plaintiffs' Decedent was exposed, were defective and unsafe for their intended uses and purposes in that they were more dangerous than what an ordinary consumer or user would expect and the risks incident to the use of the products outweighed any benefits of the products' utility.

23.    As a direct and proximate result of the defective condition of these products, Plaintiffs' Decedent has been permanently and fatally injured and Plaintiffs have incurred damages.

## THIRD CAUSE OF ACTION
## (BREACH OF EXPRESS WARRANTY)

24.     Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set forth herein.

25.     Defendants expressly warranted the asbestos products and/or asbestos-containing products they manufactured, sold, or supplied, and to which Plaintiffs' Decedent was exposed, were reasonably fit for their intended uses without endangering human life and safety.

26.     Defendants breached these express warranties, in that their asbestos products and asbestos-containing products were defective and dangerous to reasonably foreseeable users like Plaintiffs' Decedent who was exposed to these products.

27.     Plaintiffs' Decedent did rely upon the express warranties and representations of Defendants regarding the fitness and safety of their products, and as a result, used, handled, and were otherwise exposed to these products.

28.     As a direct and proximate result of the Defendants' breach of their express warranties, Plaintiffs' Decedent has been permanently and fatally injured and Plaintiffs have incurred damages.

## FOURTH CAUSE OF ACTION
## (BREACH OF IMPLIED WARRANTY)

29.     Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set forth here.

30.     Defendants impliedly warranted that the asbestos products and asbestos-containing products they sold or supplied, and to which Plaintiffs' Decedent was exposed, were of merchantable quality, reasonably safe, and reasonably fit for use in a work place environment for the particular purposes for which they were sold or supplied, without endangering human life and safety.

10

31.     Defendants breached these implied warranties of merchantability, safety, and fitness for a particular purpose because Defendants' asbestos products and/or asbestos-containing products were defective and dangerous to reasonably foreseeable users and consumers like Plaintiffs' Decedent.

32.     Plaintiffs' Decedent did rely upon Defendants' implied warranties and representations regarding their asbestos products and/or asbestos-containing products, and as a result used, handled, and were otherwise exposed to these products.

33.     As a direct and proximate result of Defendants' breach of implied warranties, Plaintiffs' Decedent has been permanently and fatally injured and Plaintiffs have incurred damages.

## FIFTH CAUSE OF ACTION
## (STATUTORY PRODUCTS LIABILITY)

34.     Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set forth here.

35.     Plaintiffs bring this claim for relief against Defendants for product liability under Ohio Revised Code § 2307.71, et seq.  At all times relevant and pertinent hereto Defendants were "manufacturers" and/or "suppliers" of asbestos and asbestos as those terms are defined under Ohio Revised Code §2307.71.

36.     "The Products" as manufactured and/or supplied by the aforementioned Defendants were defective in manufacture and construction as described in Ohio Revised Code §2307.73; were defective in design or formulation as described in Ohio Revised Code §2307.75;  were defective due to inadequate warnings and instructions as described in Ohio Revised Code  §2307.76; and were

11

defective because they did not conform to representations made by their manufacturers and suppliers as described in Ohio Revised Code §2307.77.

37.     Each of the defective conditions of "the Products" as described above, pursuant to Ohio Revised Code §2307.73, were a proximate cause of the harm for which Plaintiffs seek to recover compensatory damages as previously set forth. Furthermore, each of the aforementioned Defendants who acted as suppliers are liable in that capacity and as if they were the manufacturers in accordance with Ohio Revised Code §2307.78.

38.     As a direct and proximate result of Defendants' defective products, Plaintiffs' Decedent has been permanently and fatally injured and Plaintiffs have incurred damages.

## SIXTH CAUSE OF ACTION
## (PUNITIVE DAMAGES)

39.     Plaintiffs re-allege and incorporate each and every paragraph set forth above, as though fully set forth here.

40.     Plaintiffs' Decedent was informed and believed that Defendants and their predecessors in interest researched, tested, manufactured, labeled, marketed, used, distributed, and sold their asbestos and asbestos-containing products with conscious disregard for the safety of Plaintiffs and other users of said products, in that said Defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to their products or products on their premises, including but not limited to lung cancer, mesothelioma, other forms of cancer, and asbestosis. Said knowledge was obtained, in part, from scientific studies and medical data to which Defendants had access, as well as scientific studies performed by, at the request of, or with the

12

assistance of Defendants, and which knowledge was obtained by Defendants during the time they manufactured, distributed, used, or sold their products.

41.     During the time Defendants manufactured, distributed, used, or sold their products, Defendants were aware that Plaintiffs' Decedent and other members of the general public who would use or be exposed to their products had no knowledge or information that the products could cause injury.  Further, Defendants knew that Plaintiffs' Decedent and the general public who used or were exposed to these products would, and in fact did assume their exposure to the products was safe, when in fact it was extremely hazardous to human life.

42.     Despite this knowledge, Defendants opted to manufacture, distribute, use, and sell asbestos and asbestos-containing products without protecting and/or warning and/or instructing Plaintiffs' Decedent and other users of the high risk of injury and death that resulted from exposure to these asbestos and asbestos-containing products.  Rather than protecting and/or warning and/or instructing Plaintiffs' Decedent and other users of these dangers, Defendants actively concealed their knowledge from Plaintiffs' Decedent, Plaintiffs' Decedent's employers, and members of the general public.  By their acts and/or omissions, Defendants implied their asbestos and asbestos-containing products were safe for all reasonably foreseeable use.  Defendants' implications were particularly egregious because they were aware the implied representations were false.  Defendants' conduct exemplifies their conscious disregard of the rights and safety of Plaintiffs and the general public as a whole that has a great probability of causing substantial harm.

43.     Defendants were motivated by their financial interests in the uninterrupted distribution, use, and marketing of their asbestos and asbestos-containing products.  In furtherance of this financial motivation, Defendants consciously disregarded the safety of Plaintiffs and other users

13

of their asbestos and asbestos-containing products, and were willing to permit their asbestos and asbestos-containing products to cause injury to Plaintiffs' Decedent, and other frequenters, users, and bystanders.

44.     Defendants' conduct constitutes actual malice with a state of mind that is characterized by hatred, ill will or a spirit of revenge.  Defendants also demonstrated a conscious disregard for the rights and safety of Plaintiffs' Decedent and other users of their asbestos and asbestos-containing products that has a great probability of causing substantial harm.  Therefore, Plaintiffs seek punitive damages to punish and deter Defendants and others from the future commission of like offenses and wrongs.

45.     As a direct and proximate result of Defendants' conduct, Plaintiffs' Decedent has been permanently and fatally injured and Plaintiffs have incurred damages.

### SEVENTH CAUSE OF ACTION
### (CONSPIRACY)

46.     Plaintiffs re-allege and incorporate each and every paragraph set forth above, as though fully set forth here.

47.     At all relevant times, the Defendants, having the duty imposed by law, or having assumed the duty, to exercise reasonable care for the safety of the Plaintiffs' Decedent and similarly situated persons, acted in concert and conspired in pursuance of a common plan or design to commit the tortious acts alleged herein against Plaintiffs' Decedent.

48.     Defendants combined with each other, and with non-defendants, to engage in unlawful and / or tortious conduct.  In furtherance of the conspiracy, the Defendants, with knowledge of dangers of exposure to asbestos and asbestos-containing products and with deliberate intent to

14

conceal or misrepresent these dangers known to defendants, committed the following overt and tortious acts:

    a.    fraudulently concealed, misrepresented, and suppressed material scientific and medical information about the toxic and deadly effects of asbestos;

    b.    deliberately failed to adequately warn persons in proximity of asbestos of the known health hazards associated with exposure to asbestos and asbestos-containing products;

    c.    deliberately breached their duty to instruct about proper ventilation, safety equipment, and/or any other precautionary measures which may have protected against the health hazards of asbestos;

    d.    deliberately breached their duty to investigate the health hazards of exposure to asbestos and asbestos-containing products;

    e.    sold asbestos products in a defective condition without necessary warnings of the catastrophic health hazards or instructions concerning precautionary measures; and

    f.    avoided the results of the scrutiny of governmental and safety organizations that would have occurred had Defendants not concealed the true nature and extent of the dangers of their asbestos-containing products.

49.    The Defendants knowingly agreed to participate in the conspiracy by one or more of the following means:

    a.    actively taking part;

    b.    furthering it by cooperation; and/or

15

c.      ratifying and adopting acts of other conspirators done for their benefit.

50.     The Defendants participated in furthering the unlawful purposes of the conspiracy by delegating responsibilities to and carrying these out through the trade association committees.

51.     Upon information and belief, the Defendants committed numerous other overt and tortious acts that are unknown to Plaintiffs at this time, in furtherance of the conspiracy through letters, memoranda, publications, meetings, telephone conversations, and other forms of communication directly between the Defendants and through the trade organization committees.

52.     Plaintiffs' Decedent reasonably relied on Defendants' misrepresentations and failures to warn alleged above; but for Defendants' misrepresentation and failure to warn, Plaintiffs' Decedent would not have been exposed to asbestos-containing products.  As a direct and proximate result of the Defendants' conspiratorial acts, the Plaintiffs' Decedent was exposed to asbestos and asbestos-containing products, and developed an asbestos-related disease.

## EIGHTH CAUSE OF ACTION
## (LOSS OF CONSORTIUM)

53.     Plaintiffs reallege and incorporate each and every Paragraph set forth above, as though fully set forth here.

54.     Plaintiff has suffered a loss of consortium and has been deprived of the society, companionship, comfort, love, solace, and assistance of her mother, Dorothy R. Grossholz, who was exposed to the asbestos or asbestos-containing products as described above, and further that said loss is the direct and proximate result of the acts and/or omissions of the Defendants as described above.

55.     As a direct and proximate result of Defendants' conduct, Plaintiffs' Decedent has been permanently and fatally injured and Plaintiffs have incurred damages.

16

## NINTH CAUSE OF ACTION
## (WRONGFUL DEATH)

56.     Plaintiffs reallege and incorporate each and every Paragraph set forth above, as though fully set forth here.

57.     Plaintiffs state that they became aware of the fact that Plaintiffs' Decedent passed away as a direct and proximate result of an asbestos-related disease within two (2) years of the filing of this complaint.

58.     Plaintiffs' Decedent died as a direct and proximate result of the acts and omissions of the Defendants complained of above.

59.     As a direct and proximate result of the acts and omissions of the Defendants as described above, Plaintiffs' Decedent, her spouse, family, and/or estate has incurred reasonable and necessary medical and funeral expenses.

60.     As a direct and proximate result of the wrongful death of Plaintiffs' Decedent, her surviving spouse and next-of-kin have suffered compensatory damages including loss of support from the reasonable expected earning capacity of the Decedent; from loss of services; from loss of society, companionship, consortium, care, assistance, attention, protection, advise, guidance, counsel, instruction, training and education, together with the loss of prospective inheritance and the mental anguish incurred by the surviving spouse and next-of-kin which is expected to continue indefinitely into the future, and all other damages available at law.

17

WHEREFORE, Plaintiffs demand judgment against the defendants jointly and severally in excess of Twenty-Five Thousand Dollars ($25,000.00) and an amount for punitive damages, costs, expenses, and attorneys' fees in this action.

A trial by jury is hereby demanded to determine all issues.

Respectfully submitted,

KELLEY & FERRARO, LLP

By:   /s/ Electronically Filed B.K
BRIAN R. HERBERTH (0081985)
BRIAN P. KELLEY (0088457)
Ernst & Young Tower
950 Main Avenue, Suite 1300
Cleveland, Ohio 44113
(216) 575-0777
bherberth@kelleyferraro.com
bpkelley@kelleyferraro.com

Counsel for Plaintiff

18